**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **HANWHA AZDEL, INC. f/k/a AZDEL, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:12-cv-00023** |
| | ) | |
| **C&D ZODIAC, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Defendant's Motion to Compel (Dkt. No. 17), Plaintiff's Motion for Protective Order (Dkt. No. 18), and Plaintiff's Motion to Compel (Dkt. No. 19). A hearing was held before this Court on December 18, 2012. The Court has considered the oral arguments of counsel, the pleadings filed, and the applicable law. For the reasons set forth below, it is hereby **ORDERED** that the motion to compel of Defendant is **GRANTED**, and the motion to compel of Plaintiff is **GRANTED IN PART** and **DENIED IN PART**. The parties have reached agreement as to the terms of a protective order, and have submitted for the Court's consideration a proposed Stipulated Protective Order. Thus, the motion of Plaintiff for a protective order is **DENIED AS MOOT**.

The root of the motions to compel relates to the discovery of electronically stored information ("ESI") which has become an integral part of the discovery process in commercial litigation. This case involves what both parties describe as a relatively straight forward breach of contract claim. Despite the uncomplicated factual and legal nature of underlying cause of action and defenses asserted, the parties have sought to discover an enormous amount of information which is almost exclusively ESI. Defendant has produced on a single memory stick in excess of

1

forty gigabytes of material.  Plaintiff has not produced any documents, but has stated that it stands ready to release an equally impressive amount of information upon the entry of a protective order.

Federal Rule of Civil Procedure 26(a) includes ESI as its own category of discoverable information.  Rule 26 recognizes the unique problems posed by the discovery of ESI and requires parties cooperate with one another to develop a plan for the mutual exchange of ESI.   Rule 26(f) mandates that the parties meet and confer prior to the commencement of discovery and agree on review and production protocols.[1]  This conference is critical to the parties' development and implementation of a plan allowing for the meaningful discovery of ESI relating to the claims and defenses asserted.  In this case, the Rule 26 conference did not yield a meaningful plan as to how the parties would deal with the discovery of ESI.[2]  As a result, the parties have now engaged in an extensive exercise of filing and pursuing motions to compel which have cost valuable time in the discovery process and a significant amount of money.

### **Defendant's Motion to Compel**

Plaintiff has responded to Defendant's discovery requests by indicating its intent to produce responsive documents to the request for production.  However, to date, Plaintiff has not produced any documents, instead asserting that many of its documents are confidential and that it will produce its documents once a protective order is entered.  Plaintiff has made no attempt to

---

[1] The Sedona Principles state that "parties should confer early in discovery regarding the preservation and production of electronically stored information when these matters are at issue in the litigation and seek to agree on the scope of each party's rights and responsibilities."  The Sedona Conference, The Sedona Principles, Second Edition: Best Practices Recommendations & Principles for Addressing Electronic Document Production (Principle Six) (2007 Annotated Version); see also Kleen Products LLC v. Packaging Corp. of Am., 10 C 5711, 2012 WL 4498465, at *19 (N.D. Ill. Sept. 28, 2012) (endorsing a collaborative approach in ESI discovery, noting the importance of starting this approach early in the case, and discussing the Sedona Conference).

[2] The only mention of ESI in the parties' Rule 26(f) written plan is as follows: "The parties have conferred through counsel and will continue to discuss procedures for production of paper and electronically-stored information. The parties have not yet ascertained whether metadata will become relevant but will continue to discuss the same."  (Dkt. No. 12 at 2).

produce non-confidential documents, claiming it would be too difficult to uncouple non-confidential document from confidential ones.  This is not an adequate reason to refuse to produce non-confidential documents.  The parties spent two months trying to agree on the terms of a protective order.[3]  By separate order this day, the Court will enter a protective order, and thus, Plaintiff is **ORDERED** to produce all documents responsive to Defendant's requests for production of documents **within ten days** of the entry of this Order.  Such production shall comply with the requirements of Rule 34 for a party producing ESI.

### Plaintiff's Motion to Compel

Defendant responded to Plaintiff's request for production and produced approximately forty gigabytes of ESI using a commercial litigation software program to identify the documents which may be responsive to the document requests.  Defendant asserts that it has produced ESI as it is kept in the usual course of business on its server and as collected through the search process of its litigation discovery program.  Defendant claims, therefore, that its production effort complies with Rule 34(b)(2)(E)(ii) which requires a party to produce ESI in the form in which it is ordinary maintained or in a reasonably usable form.  However, here Defendant has produced the ESI in a format that lacks any index or other meaningful organization to permit Plaintiff to use and review the document production efficiently.  The documents produced—consisting almost entirely of emails—are simply organized by search term and placed in a corresponding folder.  The files appear in massive chronological list.  There is no organization by custodian or otherwise.

Organizing a production to reflect how the information is kept "in the usual course of business" sometimes requires the producing party to include different identifying information

---

[3] Plaintiff offered to produce its documents if Defendant would agree to hold them confidential until the Court could either enter an agreed protective order or resolve the disagreement as to the language of the protective order. Defendant would not agree to this approach leading to the further stalemate in the discovery process.

according to the type of document or file produced.  <u>City of Colton v. Am. Promotional Events, Inc.</u>, 277 F.R.D. 578, 585 (C.D. Cal. 2011).  While the specifics will vary depending on the nature of the document produced, the Federal Rules entitle parties to "rationally organized productions so that they may readily identify documents, including ESI, that are responsive to their production requests."  <u>Id.</u>  Emails, specifically, are produced in the usual course of business when the responsive emails are arranged "by custodian, in chronological order and with attachments, if any."  <u>Id.</u> (citing <u>MGP Ingredients, Inc. v. Mars, Inc.</u>, No. 06–2318–JWL–DJW, 2007 WL 3010343, at *2 (D. Kan. Oct. 15, 2007).  Defendant clearly has not produced responsive emails in such a format in its ESI discovery in this case.

The parties disagree as to whether Defendant with minimal additional effort can organize its production in a manner consistent with Rule 34.  Plaintiff has acknowledged that it has available, at a cost, software to convert the documents into a format it can use.   However, Plaintiff has taken no steps to convert Defendant's documents despite the relatively modest quoted cost of $8,463.00.  The court finds that Defendant violated Rule 34 by not producing its ESI in a format which is usable or providing an index and ordering the documents responsive to the specific requests for production.  Accordingly, it is hereby **ORDERED** that Defendant shall pay the reasonable costs of Plaintiff not to exceed $8,463.00 to convert Defendant's ESI discovery production into a readily usable format.

As to Interrogatory No. 15, Plaintiff seeks discovery from Defendant as to the specific contracts between Defendant, its customer, and other third parties after the commercial relationship between Plaintiff and Defendant ended.  The Court finds that such discovery is not relevant to the subject matter of this litigation or calculated to lead to the production of admissible evidence based upon the arguments and information produced to date.  Plaintiff may

renew its motion on this issue with specific evidence as to how such discovery relates to any

claim it has asserted or any defense raised.  Accordingly, Plaintiff's motion to compel as to

Interrogatory No. 15 is **DENIED**.

The Clerk is directed to provide a copy of this Order to counsel for the parties.

Enter:  December 27, 2012

*/s/ Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

5