IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| HANWHA AZDEL, INC. f/k/a AZDEL, INC. | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.: 6:12-cv-00023 |
| | ) | |
| C&D ZODIAC, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend (Dkt. No. 27), and Defendant's Motion for Protective Order (Dkt. No. 35). The Court has considered the pleadings filed, the applicable law, and the argument of counsel presented at the hearing held on February 15, 2013. For the reasons set forth, it is hereby **ORDERED** that the motion to for leave to amend is **GRANTED** and the motion for a protective order is **DENIED**.

### Motion to Amend

Plaintiff, Hanwha Azdel, Inc. ("Hanwha"), seeks leave to file an amended complaint to make two fundamental amendments. First, Hanwha intends to outline additional grounds to assert an alternative theory to recover under Count II regarding an alleged breach of the parties' Memorandum of Understanding ("MOU"). Secondly, Hanwha seeks to assert two new counts alleging that Defendant, C&D Zodiac, Inc. ("Zodiac") breached a Non-Disclosure Agreement ("NDA") contained in the MOU (Dkt. No. 28 at 2-3). Defendant has no objection to the amendment of Count II, (Dkt. No. 33 at

1

2), but does object to adding new Counts IV and V contending that Hanwha's assertion of these claims at this point in the proceedings causes it undue prejudice in responding within the timeframe of this litigation.

The Federal Rules of Civil Procedure liberally allow leave to amend a complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (discussing Rule 15(a)). The Fourth Circuit had adopted a "liberal reading of the rule's direction for 'free' allowance." Ward Elec. Serv. Inc. v. First Com. Bank, 819 F.2d 496, 497 (4th Cir. 1987). "[T]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldboro, 178 F.3d 231, 242 (4th Cir. 1999) (internal citations and quotations omitted). The parties agree that new Counts IV and V assert new causes of action against Zodiac arising from facts mostly unrelated to the legal claims asserted in the original complaint. Rule 18 permits a plaintiff to bring multiple claims, related or not, in a lawsuit against a single defendant. Dacre v. Fleming, 7:12CV00055, 2012 WL 4325637, at *1 n.1 (W.D. Va. Sept. 20, 2012); Fed. R. Civ. P. 18(a) ("A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.") The issue before the Court is whether Hanwha has delayed in seeking leave to file its amended complaint and whether any delay prejudices Zodiac because the new counts will require substantial additional discovery.

2

Hanwha's filed its motion seeking leave to amend the complaint on January 17, 2013, the last day permissible under the time limits established by the Court. The Court initially entered a pre-trial order which set an early date in the proceedings as the deadline to amend the pleadings. Jointly, the parties submitted to the Court a pre-trial order establishing a schedule governing pre-trial discovery. The Court entered the jointly requested pre-trial order, which established January 17, 2013 as the last day to amend the pleadings. While Hanwha filed its motion to amend within the time permitted under the pre-trial order, that fact does not correlate to leave from the Court if Hanwha unreasonably delayed in filing its motion and that delay causes undue prejudice to Zodiac.

"A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant and is offered shortly before or during trial." Schwartz & Schwartz of Va., LLC v. Certain Underwriters at Lloyd's, London, 677 F. Supp. 2d 890, 896 (W.D. Va. 2009) (quoting Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006)). Zodiac contends that Hanwha knew of sufficient facts to assert the claims contained in Counts IV and V during an earlier arbitration proceeding between Hanwha and a third party. The fact of the matter is that delays in discovery have occurred because of the difficulties the parties had exchanging electronically stored information. These delays required the intervention of the Court on December 17, 2012 (Dkt. No. 24). The exchange of this information occurred shortly thereafter, and thus, the Court finds that Hanwha has not engaged in unnecessary delay in asserting these claims.

The Federal Rules of Civil Procedure promote the efficient adjudication of claims rather than encourage the proliferation of litigation. Trying cases one claim at a time is inefficient for the judicial system. Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc., 974 F.2d 502, 506 (4th Cir. 1992). Hanwha does not presently have a statute of limitation problem regarding the new claims proposed in Counts IV and V. Hanwha could simply file another lawsuit if the Court denied the motion to amend resulting in continued and prolific litigation between the parties. Judicial efficiency commands a different result where, as here, the trial date is so far into the future that a small alteration to that schedule, if necessary, can occur now without unduly interrupting the Court's docket. Accordingly, the Court **GRANTS** Hanwha's motion to amend, and the clerk is directed to separately docket the amended complaint attached as Exhibit 1 to Dkt. No. 27, and Zodiac shall file its responsive pleadings within the time limits extablished under Rule 15.

Granting the motion to amend may jeopardize the trial date presently scheduled for July 16-19, 2013. Additional discovery will be necessary to determine whether Hanwha can sustain the claims it asserts in Counts IV and V of the amended complaint. This case has been marked by contentious proceedings—most notably by the failure of counsel to cooperate in the necessary mutual exchange of information required under the Federal Rules of Civil Procedure. Zodiac 's concern is that the discovery under the new claims will amount to nothing more than unfettered rummaging by Hanwha through Zodiac's documents to determine whether Zodiac has improperly disclosed information deemed confidential under the NDA. To prevent such an unintended consequence, the Court will

4

require the parties to stage discovery carefully to determine what information Hanwha contends was disclosed, to whom it was disclosed, and the extent of such disclosure through carefully targeted discovery requests. In that regard, counsel are required to meet and determine a schedule for staging discovery and convene for a pre-trial conference either in person or by telephone within ten (10) days of the entry of this Memorandum Opinion and Order. Counsel are to contact my law clerk to schedule this pre-trial conference.

**Motion for Protective Order**

Zodiac's motion for protective order asks the Court to require that Plaintiff reform its requests for admission because they come at a point too early in the discovery process.[1] Defendant notes that "[e]ven though the Federal Rules of Civil Procedure do not establish a fixed order for various forms of discovery, the depositions should make it much clearer which facts are undisputed and can be properly admitted" (Dkt. No. 35 at 1). At the hearing, Defendant re-emphasized the contention that requests for admission were not appropriate at this point in the discovery process. However, without some sort of staged discovery in place regarding the claims asserted in Counts I-III of the complaint, it is simply not the province of the court to determine the order in which discovery proceeds. A simple assertion that discovery would be better served by taking depositions before exchanging requests for admission is not a valid objection to requests for admission. Cf. Al-Jundi v. Rockefeller, 91 F.R.D. 590, 593 (W.D.N.Y. 1981) ("The objection in the instant case that depositions to be held in the future will duplicate the present admission

---

[1] Plaintiff has withdrawn the accompanying interrogatories, substantially lessening the issues raised in the Defendant's motion. Much of the parties' briefing (Dkt. Nos. 35, 37) is therefore moot.

5

requests is not only unsupported but insupportable and must therefore be . . . denied."). Zodiac does not object to specific requests on the grounds that the admissions sought are beyond the permissible scope stated in Rule 36, which permits requests which seek to admit the truth of any matters relating to the facts, the application of law to fact or opinions about either. Rather, Zodiac claims that the requests are redundant or conflicting in many regards. Rule 26 provides the mechanism of a party to answer or to object to any particular request for admission. It is not the court's role to require a party to rephrase requests which are difficult to answer or understand or which seek admissions regarding conflicting facts, and I will not undertake that role in this case.

For the foregoing reasons, I find that good cause does not exist to grant Zodiac's motion for a protective order and therefore **DENY** the motion. Zodiac shall answer the requests for admission within twenty one (21) days of the entry of this order.

          Enter: March 1, 2013

          */s/ Robert S. Ballou*

          Robert S. Ballou
          United States Magistrate Judge