IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

HANWHA AZDEL, INC. f/k/a AZDEL, INC. )
)
      **Plaintiff,** )
)
v. ) Case No. 6:12-cv-00023-NKM
)
C&D ZODIAC, INC. )
)
      **Defendant** )

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY CRANE & CO., INC.**

Plaintiff Hanwha Azdel, Inc. f/k/a Azdel, Inc. ("Azdel"), by counsel, pursuant to Rule 45(c)(2)(B)(i) of the Federal Rules of Civil Procedure, moves for entry of an Order compelling Crane & Co., Inc. ("Crane"), a Massachusetts corporation with its principal place of business in Boston, Massachusetts, to produce all documents responsive to the subpoena *duces tecum* that Azdel served on Crane (the "Subpoena"), to produce a privilege log of all documents withheld, and to otherwise comply with the Subpoena. In support thereof, Azdel submits the following:

1. On March 15, 2013, pursuant to Rule 45 of the Federal Rules of Civil Procedure, counsel for Azdel issued the Subpoena from this Court. The Subpoena was served on Crane on March 18, 2013. A true and accurate copy of the Subpoena and proof of service is attached as **Exhibit A**.

2. The Subpoena called for production of the requested documents by April 15, 2013. At the request of counsel for Crane, Azdel granted Crane an extension until April 29, 2013 to make its production.

WOODS ROGERS PLC
ATTORNEYS AT LAW

*{#14319-1, 100823-00017-01}*

3. On April 29, 2013, Crane submitted objections and responses to the Subpoena. A copy of Crane's objections and response to the Subpoena is attached as **Exhibit B**. Crane's objections and responses indicate that Crane has identified responsive documents. *(See id.).*

4. Rather than produce responsive documents by the extended deadline, Crane has delayed production, consistently ignored its self-imposed deadlines and has failed to produce a single document. (*See* e-mail correspondence from April 29, 2013 through May 20, 2013 between counsel for Azdel and counsel for Crane attached as **Exhibit C**).

5. As of May 17, 2013, after neglecting deadlines set for itself to establish a rolling production schedule and make its first production, counsel for Crane stated he would need more time to respond to the Subpoena and further indicated that he had yet to set a "precise timeline for [Crane's] review and production." (*Id*.). Counsel for Azdel responded by providing notice of its intent to compel Crane's production. (*Id*.).

6. Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Vanduser v. Purdy Bros. Trucking Co., Inc.*, 2011 WL 5025732 at *1 (W.D.Va.2011) (Ballou). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

7. Rule 34 of the Federal Rules of Civil Procedure explains that, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." *Sanford v. Stewart*, 2012 WL 5271692 (N.D. Ohio 2012).

8. Rule 45(c)(2)(B)(i) of the Federal Rules of Civil Procedure permits parties to move for an order compelling a nonparty's production of documents pursuant to a Rule 45

subpoena. *See FTC v. Trudeau*, 2013 WL 842599 at *2 (N.D. Ill. 2013); *Young v. County of Hawaii*, 2013 WL 1390448 at *2 (D. Hawai'i 2013); *Sanford*, 2012 WL 5271692 at *2.

9. Counsel for Azdel have repeatedly made counsel for Crane aware of the fast approaching discovery deadlines ordered by this Court and the immediate need to obtain the requested documents. Counsel for Crane has failed to adhere to the deadline set forth in the Subpoena or the extension granted thereto and has failed to meet self-imposed deadlines to identify responsive documents, establish a production schedule and produce any documents.

10. Counsel for Azdel certify they have in good faith conferred with counsel for Crane regarding Crane's failure to produce documents pursuant to the Subpoena in an effort to obtain the documents without court action. Those efforts have been unsuccessful.

WHEREFORE, Azdel respectfully requests that the Court enter an Order compelling Crane to produce within ten days of entry of the Order the documents requested in the Subpoena and granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

HANWHA AZDEL, INC. f/k/a/ AZDEL, INC.

By:   /s/ Francis H. Casola
       Of Counsel

Francis H. Casola, (VSB# 29108)
Nicholas V. Albu (VSB #78229)
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, Virginia 24038-4125
Tel. (540) 983-7600
Fax (540) 983-7711
casola@woodsrogers.com
nalbu@woodsrogers.com

*Counsel for Plaintiff*

ATTORNEYS AT LAW

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2013, a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Bevin R. Alexander, Jr. (VSB No. 21431)
    J. Barrett Lucy (VSB No. 48512)
    FREEMAN, DUNN, ALEXANDER, TILLER, GAY & LUCY, P.C.
    1045 Cottontown Road
    Lynchburg, VA 24503
    Tel. (434) 528-3400
    Fax (434) 385-0365
    balexander@freemandunn.com

    Robert P. Silverberg
    Claire L. Shapiro
    SILVERBERG, GOLDMAN & BICKOFF, LLP
    1101 30th Street, N.W.
    Washington, D.C. 20007
    (202) 944-3300
    (202) 944-3306 (fax)
    rsilverberg@sgbdc.com
    cshapiro@sgbdc.com

    *Counsel for Defendant*

I hereby certify that on the 21st day of May, 2013, a true copy of the foregoing was sent via e-mail and US mail to the following:

    Mark D. Cahill
    James W. Evans
    Choate, Hall & Stewart LLP
    Boston, MA 02110
    (617) 248-5000
    (617) 248-4000
    mcahill@choate.com
    jevans@choate.com

    *Counsel for Crane & Co., Inc.*

                                                       /s/ Francis H. Casola