IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HANWHA AZDEL, INC. f/k/a AZDEL, INC. ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 6:12-cv-00023 |
| ) | |
| **C&D ZODIAC, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the on Plaintiff's Second Motion to Compel as to Defendant, C&D Zodiac, Inc. (Dkt. No. 46), Plaintiff's Motion to Compel as to a subpoena duces tecum issued to nonparty Crane and Company, Inc. ("Crane") (Dkt. No. 48) and Motion to Quash the subpoena duces tecum filed by Crane (Dkt. No. 55). The Court has considered the pleadings filed, the applicable law, and the argument of counsel presented at the hearing held on June 3, 2013, and finding it proper to do so, it is hereby **ORDERED** that Plaintiff's Second Motion to Compel (Dkt. No. 46) is **DENIED**, the Motion to Compel as to Crane (Dkt. No. 48) is **GRANTED**, and the Motion to Quash (Dkt. No. 55) is **DENIED**.

### Second Motion to Compel (Dkt. No. 46)

This breach of contract action relates to a memorandum of understanding and non-disclosure agreement between Plaintiff Hanwha Azdel, Inc., and Defendant C&D Zodiac, Inc., entered into on March 12, 2008. Plaintiff seeks in discovery the production of a Non-Disclosure Agreement (NDA) which Defendant entered into with GE in 2000 ("GE

NDA"). Plaintiff's predecessor, Azdel was previously a component of GE's Plastics Division which was sold to a third party before Hanwha acquired Azdel, forming Hanwha Azdel, Inc. There is no evidence that Hanwha Azdel, Inc., is a successor in interest to or other a beneficiary of the GE NDA.

Defendant has affirmatively represented that the GE NDA does not relate to the development to light aircraft sidewall material—the basis of the business relationship between Plaintiff and Defendant. Plaintiff's mere belief or suspicion that the GE NDA is relevant is insufficient grounds to support a motion to compel. "[T]he moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld." Susko v. City of Weirton, 5:09-CV-1, 2011 WL 98557, at *4 (N.D.W. Va. Jan. 12, 2011) (citing Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 252 (M.D.N.C. 2010) (finding that "even an informed suspicion that additional non-privileged documents exist . . . cannot alone support an order compelling production of documents")). Accordingly, the Plaintiff Second Motion to Compel is **DENIED**.

**Motion to Compel (Dkt. No. 48) and Motion to Quash (Dkt. No. 55)**

Plaintiff issued a subpoena duces tecum to Crane, a nonparty based in Massachusetts, for the production of documents in Virginia. Crane served a response to the subpoena on all counsel, making several general and otherwise boilerplate objections, but otherwise responded to each specific document request indicating where it had no responsive documents and otherwise agreeing to produce responsive documents in its possession. Plaintiff filed its motion to compel when Crane did not produce these documents as agreed. Crane responded with a motion to quash. Crane argues only that the

subpoena is invalid, but purports to reverse the right "to move to quash that subpoena, including on the basis that [Plaintiff's] requests are overbroad, unduly burdensome, and seek to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, including Rules 26, 34, and 45." I find the subpoena is valid on its face and that Crane has waived all other objections.

The plain language of Federal Rule of Civil Procedure 45(a)(2)(C) is that "[a] subpoena must issue as follows: . . . for production, or inspection, if separate from a subpoena commanding a person's attendance, from the district where the production or inspection is to be made." The subpoena here issued from the Western District of Virginia, which is where the production was to be made. It therefore complied with the clear and express requirements of Rule 45. See, e.g., Hay Grp., Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 412 (3d Cir. 2004) (holding that "production" as used by Rule 45(a)(2) refers to the delivery of documents and therefore "the district in which the production ... is to be made" is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over); Ricoma v. Standard Fire Ins. Co., 5:12-CV-18-D, 2013 WL 1164499 (E.D.N.C. Mar. 20, 2013) ("Rule 45(a)(2)(C) expressly provides that a subpoena for production or inspection of documents must issue 'from the court for the district where the production or inspection is to be made.'"); Doe I v. Pauliewalnuts, 5:08MC00001, 2008 WL 4326473, at *1 (W.D. Va. Sept. 19, 2008) ("Rule 45(a)(2)(C) . . . commands that a subpoena for the production of documents alone 'must issue' from the court for the district where the production is to be made."). Additionally, Crane made no objection to service of the subpoena on its registered agent in

Massachusetts in either its response to the subpoena or in its Motion to Quash. I find that having agreed to produce documents responsive to the subpoena Crane waived any Rule 45(b) deficiencies.

Crane's cursory reservation of the right to assert substantive objections to the subpoena is not sufficient to preserve those arguments. See Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012). "Rule 45 requires the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a game." Id. (quoting In re DG Acquisition Corp., 151 F.3d 75, 81 (2d Cir.1998)). Moreover, generalized, boilerplate objections "are highly disfavored in the Fourth Circuit." Paulino v. Dollar Gen. Corp., 3:12-CV-75, 2013 WL 1773892, at *12 (N.D.W. Va. Apr. 25, 2013) (collecting cases). "A party's reliance on general objections often results in the waiver of all specific objections." Id. (citing Fed. R. Civ. P. 33(b)). Here, there is no indication that Crane took any steps to identify specific objections to the production of particular documents in its possession. I, therefore, find that Crane has waived any objections it may have had to undue burden, relevance, or overbreadth.

For the foregoing reasons, I **GRANT** Plaintiff's motion to compel as to Crane and **DENY** Crane's motion to quash. Crane shall have fourteen (14) days from the June 3, 2013 hearing to produce the documents identified in its previous response to its subpoena duces tecum.

Enter: June 6, 2013

*/s/ Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge