IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HANWHA AZDEL, INC. f/k/a AZDEL, INC. )<br>)<br>  Plaintiff, )<br>)<br>v.  )<br>)<br>C&D ZODIAC, INC. )<br>)<br>  Defendant. ) | Case No.: 6:12-cv-00023 |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Second Motion for Leave to Amend (Dkt. No. 59). The Court has considered the pleadings filed, the applicable law, and the argument of counsel presented at the hearing held on June 20, 2013. For the reasons set forth, it is hereby **ORDERED** that the second motion to for leave to amend is **GRANTED**.

Plaintiff, Hanwha Azdel, Inc. ("Hanwha"), brought this breach of contract suit against Defendant, C&D Zodiac, Inc. ("Zodiac"), claiming that Zodiac failed to pay for airline sidewall delivered by Hanwha and disclosed proprietary information that it had agreed to keep confidential. Zodiac vigorously denies these claims.

Hanwha now seeks leave to file a second amended complaint. Hanwha wishes to amend the amount of sidewall it alleges to be at issue and to add an allegation that Zodiac breached the confidentiality obligations contained in the parties' Memorandum of Undrestanding (MOU), in addition to its previously plead claim of breach of confidentiality under the terms of the parties' Non-Disclosure Agreement (NDA). Hanwha

1

also wishes to amend its prayer for relief to seek certain equitable remedies, in addition to monetary damages. Zodiac opposes the motion, asserting that the proposed second amended complaint would require additional discovery, and is thus prejudicial to Zodiac and made in bad faith. Zodiac further asserts that the proposed amendment is futile.

The Federal Rules of Civil Procedure liberally allow leave to amend a complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (discussing Rule 15(a)). The Fourth Circuit has adopted a "liberal reading of the rule's direction for 'free' allowance." Ward Elec. Serv. Inc. v. First Com. Bank, 819 F.2d 496, 497 (4th Cir. 1987). "[T]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldboro, 178 F.3d 231, 242 (4th Cir. 1999) (internal citations and quotations omitted); see also Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (applying the same test for leave to amend).

Zodiac's claims of prejudice and bad faith are without merit. This matter is set for trial December 17-19, 2013. Dispositive motions must be filed by October 4, 2013. The discovery cutoff is September 18, 2013. No depositions have been taken. This, therefore, is not an "11th hour" motion as Zodiac claims. (Dkt. No. 63 at 9). Hanwha has not moved to amend just before the dispositive motions deadline or on the eve of trial. Cf. Equal Rights Ctr., 602 F.3d at 603 (holding that the district court did not abuse its discretion in denying leave to amend after the close of three-year long discovery and on the eve of the

2

deadline for dispositive motions); Robertson v. Iuliano, CIV.A. RDB-10-1319, 2013 WL 169266, at *3 (D. Md. Jan. 14, 2013) (finding that it would be prejudicial to the defendant under Fed. R. Civ. P 15(a)(2) to grant leave to amend on the eve of trial). The timing of the motion is therefore neither prejudicial nor indicative of bad faith. Furthermore, if Zodiac believes that Hanwha's discovery requests seek (or will seek) information not reasonably calculated to lead to the discovery of admissible evidence or are (or will be) unduly burdensome, the proper recourse is to move to limit Hanwha's discovery. Zodiac cannot, however, raise the specter of abusive discovery to deny Hanwha the opportunity to amend. As to additional relief sought by Hanwha, a party must be granted the relief to which it is entitled even if such relief was not demanded in the pleadings. Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch, 80 F.3d 895, 900 (4th Cir. 1996) (citing Fed. R Civ. P. 54(c)). Additions to the prayer for relief therefore cause Zodiac no prejudice and evince no bad faith by Hanwha, as Hanwha could be granted such relief even if without the proposed amendment.

As to futility, while Zodiac argues that it is "so very unlikely" that Hanwha will be successful in its breach of contract claims, (Dkt. No. 63 at 4), "even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis." Smithfield Foods Inc. v. United Food & Commercial Workers Int'l Union, 254 F.R.D. 274, 280 (E.D. Va. 2008) (citing Gallegos v. Brandeis Sch., 189 F.R.D. 256, 258 (E.D.N.Y.1999)). Zodiac's claim of futility is essentially an argument that Hanwha's proposed second amended complaint does not make a meritorious claim. Such an assertion is properly made in a motion

pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56(a).  The record before the Court on motion for leave to amend is not sufficiently developed for a decision on the merits.[1] See Crago v. Capital Advantage Fin. & Dev., Inc., 242 F.R.D. 341, 344 (D.S.C. 2007) (citation omitted)) ("[T]he substantive merits of a proposed claim or defense are typically best left for later resolution, e.g., under motions to dismiss or for summary judgment").  Leave to amend should be denied for futility only if it would be "clearly insufficient or frivolous on its face."  Id. (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986)).  Zodiac submits documents that the parties have exchanged in discovery (Dkt. Nos. 63-1, 63-2, 63-3) to assert that the proposed amendment is futile.  However, the proposed second amendment complaint is not *facially* defective.  Substantive legal arguments as to the merits of a claim, based in part on attached factual exhibits, are best resolved in a dispositive motion on a more complete record.

Accordingly, the Court **GRANTS** Hanwha's second motion for leave to amend, and the Clerk is directed to separately docket the second amended complaint attached as Exhibit 1 to Dkt. No. 59, and Zodiac shall file its responsive pleadings within 21 days of the entry of this Order.

Enter:  June 25, 2013

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge

---

[1] This general caution against resolving a case prematurely is bolstered here by my limited authority to issue dispositive decisions.  See 28 U.S.C. § 636(b)(1)(B).

4