IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HANWHA AZDEL, INC., *Plaintiff*, v. C&D ZODIAC, INC., *Defendant*. | CIVIL ACTION NO. 6:12-CV-00023 <br><br> MEMORANDUM OPINION <br><br> NORMAN K. MOON <br> UNITED STATES DISTRICT JUDGE |

Crane & Company, Inc. ("Crane"), a non-party to this matter, objects to an order issued in this case by United States Magistrate Judge Robert S. Ballou granting Plaintiff's motion to compel production of documents by Crane and denying Crane's motion to quash Plaintiff's subpoena duces tecum.[1] Plaintiff issued the subpoena duces tecum from this court and served it on non-party Crane in the District of Massachusetts. Crane failed to object to service of the subpoena on its registered agent in Massachusetts in either its response to the subpoena or in its motion to quash,[2] which the magistrate judge denied; furthermore, Crane agreed to produce documents responsive to the subpoena.

The crux of the instant motion is whether Crane waived its objection to service under Federal Rule of Civil Procedure 45(b)(2)(B), which provides that "a subpoena may be served at any place" outside the district of the issuing court "but within 100 miles of the place specified

---

[1] Crane's instant objection is timely filed pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1).

[2] Crane argued that the subpoena was improperly *issued*, but did not object to *service*. As discussed later, this distinction matters under the present circumstances.

for the deposition, hearing, trial, production, or inspection[.]"[3] Secondarily, I address the question whether Crane waived any Rule 45 objections to the subpoena that it may have raised based on undue burden, relevance, or overbreadth, given that there is no indication that Crane took any steps to identify specific objections to the production of particular documents in its possession.

As I ruled on the record in court today, and as further explained herein, Crane's motion to set aside Judge Ballou's rulings on the motion to compel and the motion to quash must be denied.

### I.

I review a magistrate judge's findings of fact for clear error and its legal conclusions *de novo*. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir. 2005).

The magistrate judge's memorandum opinion and order in the matter stated, in relevant part, as follows (emphases added):

> Plaintiff issued a subpoena duces tecum to Crane, a nonparty based in Massachusetts, for the production of documents in Virginia. Crane served a response to the subpoena on all counsel, making several general and otherwise boilerplate objections, but otherwise responded to each specific document request indicating where it had no responsive documents in its possession. Plaintiff filed its motion to compel when Crane did not produce these documents as agreed. Crane responded with a motion to quash. Crane argues only that the subpoena is invalid, but purports to [reserve] the right "to move to quash that subpoena, including on the basis that [Plaintiff's] requests are overbroad, unduly burdensome, and seek to impose obligations beyond those permitted by the Federal Rules of Civil Procedure, including Rules 26, 34, and 45." I find the subpoena is valid on its face and that

---

[3] Recent amendments to Rule 45, which go into effect on December 1, 2013, will eliminate the territorial requirements of § (b)(2) and allow for nationwide service.

Crane has waived all other objections.

The plain language of Federal Rule of Civil Procedure 45(a)(2)(C) is that "[a] subpoena must issue as follows: . . . for production, or inspection, if separate from a subpoena commanding a person's attendance, from the district where the production or inspection is to be made." The subpoena here issued from the Western District of Virginia, which is where the production was to be made. It therefore complied with the clear and express requirements of Rule 45. *See, e.g., Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004) (holding that "production" as used by Rule 45(a)(2) refers to the delivery of documents and therefore "the district in which the production . . . is to be made" is not the district in which the documents are housed by the district in which the subpoenaed party is to turn them over); *Ricoma v. Standard Fire Ins. Co.*, 5:12-CV-18-D, 2013 WL 1164499 (E.D. N.C. Mar. 20, 2013) ("Rule 45(a)(2)(C) expressly provides that a subpoena for production or inspection of documents must issue 'from the court for the district where the production or inspection is to be made.'"); *Doe I v. Pauliewalnuts*, 5:08MC00001, 2008 WL 4326473, at *1 (W.D. Va. Sept. 19, 2008) ("Rule 45(a)(2)(C) . . . commands that a subpoena for the production of documents alone 'must issue' from the court for the district where the production is to be made."). ***Additionally, Crane made no objection to service of the subpoena on its registered agent in Massachusetts in either its response to the subpoena or in its Motion to Quash. I find that having agreed to produce documents responsive to the subpoena Crane waived any Rule 45(b) deficiencies.***

Crane's cursory reservation of the right to assert substantive objections to the subpoena is not sufficient to preserve those arguments. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012). "Rule 45 requires the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a game." *Id.* (quoting *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998)). Moreover, generalized, boilerplate objections "are highly disfavored in the Fourth Circuit." *Paulino v. Dollar Gen. Corp.*, 3:12-CV-75, 2013 WL 1773892, at *12 (N.D. W.Va. Apr. 25, 2013) (collecting cases). "A party's reliance on general objections often results in the waiver of all specific objections." *Id.* (citing Fed. R. Civ. P. 33(b)). Here, there is no indication that Crane took any steps to identify specific objections to the production of particular documents in its possession. I, therefore, find that Crane has waived any objections it may have had to undue burden, relevance, or overbreadth.

The magistrate judge gave Crane until June 17, 2013, "to produce the documents identified in its previous response to its subpoena duces tecum." Instead, Crane timely filed the instant objection to the magistrate judge's order.

## II.

Among other things, Plaintiff claims in this case that Defendant breached its contractual obligation to maintain confidentiality in connection with the development of a thermoformable composite sheet product manufactured by Plaintiff that was to be formed into sidewalls by Defendant for installation in the cabin interiors of aircraft. Plaintiff alleges that Defendant, in breach of its agreement, provided Crane with confidential information related to the product, and that Defendant has now wrongfully replaced Crane, a competitor of Plaintiff, in Plaintiff's former role as Defendant's supplier. Plaintiff alleges that the product has shown great promise and is expected to generate substantial profits for Defendant. Plaintiff is seeking disgorgement of Defendant's profits and other damages.

Plaintiff's counsel issued the subpoena duces tecum to Crane from this court on March 15, 2013. The subpoena was served on Crane's registered agent in Boston, Massachusetts on March 18, 2013. The subpoena called for production of the requested documents by April 15, 2013.

At the request of counsel for Crane, Plaintiff granted Crane an extension until April 29, 2013, to make its production. Despite Crane's claim (which is contradicted by its own documentation), Plaintiff was not asked and did not grant Crane additional time to lodge its objections.[4] Crane did not provide objections to the subpoena by the April 1, 2013, deadline as required by Rule 45(c)(2)(B) ("[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served").

---

[4] Compare Crane's objection, p.3 ("[Plaintiff] agreed that Crane's responses *and objections* would be due on April 29") (emphasis added) and the affidavit of James Evans, Crane's counsel, ¶ 8 ("[Plaintiff] agreed that Crane's responses *and objections* would be due on April 29") (emphasis added) with a contemporaneous e-mail of acknowledgment from Crane's counsel (Evans Affidavit, Ex. A) ("As discussed, the due date for Crane's *responses to* the subpoena . . . has been extended to Monday, April 29) (emphasis added).

On April 29, 2013, Crane submitted to Plaintiff's counsel Crane's objections and responses to the subpoena. In its twenty-three pages of untimely objections, Crane did not state any objection as to service of process. Crane's objections and responses indicated that Crane had identified responsive documents. Crane has since admitted that it had searched its records and identified 40,000 documents in response to the subpoena.

Documentation of e-mail correspondence between counsel for Plaintiff and counsel for Crane from April 29, 2013, through May 20, 2013, shows that, rather than produce any responsive documents by the extended deadline, Crane continued to make promises of a production, but failed to meet the additional extended deadlines it requested and failed to produce any documents. On May 17, 2013, after missing deadlines Crane had set for itself to establish a rolling production schedule and make its first production, counsel for Crane stated he would need more time to respond to the subpoena and further indicated that he had yet to set a "precise timeline for [Crane's] review and production." Counsel for Plaintiff, which had requested that Crane agree to a specific schedule for its production and had advised Crane that it was facing court-imposed deadlines, responded by providing notice of its intent to compel Crane's production, which Plaintiff did on May 21, 2013, filing a motion to compel. In response, Crane filed a motion to quash, claiming for the first time that the subpoena was improperly *issued* and that this court lacked jurisdiction. Still, Crane made no objection as to *service* of the subpoena.

On June 3, 2013, the magistrate judge conducted a hearing and ruled on Plaintiff's motion to compel and Crane's motion to quash, and on June 6, 2013, he issued the memorandum opinion and order, which I have quoted in relevant part above.

Correspondence between counsel indicates that, by letter dated June 14, 2013, counsel for

Crane stated his opinion that "the United States District Court for the Western District of Virginia does not have jurisdiction over Crane and Crane has not waived any of the protections afforded to non-party subpoena recipients." Counsel for Crane admitted that, in its "extensive review," no privileged documents had been identified. Furthermore, Crane, through its counsel, indicated that it would nevertheless produce responsive documents. And, on June 17, 2013, Crane produced a compact disc containing 141 documents (according to Plaintiff's counsel, 446 pages, *i.e.*, less than 0.3% percent of the 40,000 documents Crane had identified in response to the subpoena). Counsel for Crane has opined that its production "satisfies any obligations that the Subpoena and Magistrate Judge Ballou's Order may impose."

### III.

Although Crane attempts to conflate the *issuance* of the subpoena with the *service* of the subpoena, it is clear that, to the extent the subpoena seeks the production of documents in the Western District of Virginia, the subpoena was properly *issued* pursuant to Rule 45(a)(2)(C). However, it is equally clear that the subpoena was not properly *served* on Crane in Massachusetts, given that Rule 45(b)(2)(B) provides that "a subpoena may be served at any place" outside the district of the issuing court "but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection," and that Plaintiff should have issued the subpoena from a court from which it properly could have been served (at the hearing on this matter, Plaintiff volunteered this point).[5]

---

[5] The following conclusions are also clear: Crane did not timely object to the production of documents requested in the subpoena, *see* Rule 45(c)(2)(B) ("[t]he objection must be served before the *earlier* of the time specified for compliance or 14 days after the subpoena is served" (emphasis added)); the "person commanded
(continued...)

Thus the instant motion resolves on these issues: A) whether Crane waived its objections to service; and B) whether the subpoena subjects Crane "to undue burden," *see* Rule 45(c)(3)(A)(iv).

*A.*

To recapitulate, Crane did not make any objection to service of the subpoena on its registered agent in Massachusetts. Indeed, although Crane served 23 pages of untimely objections on counsel for Plaintiff, those objections did not object to *service* of the subpoena. Moreover, Crane did not make any objection to service in its motion to quash. And, as the magistrate judge observed, Crane responded to each specific document request indicating where it had no responsive documents and otherwise agreed to produce responsive documents in its possession.

Crane now argues that an objection to service of a Rule 45 subpoena absolutely cannot be waived. However, Crane does not cite a single case that actually stands for the proposition that an objection pertaining to service of a Rule 45 subpoena is *incapable* of being waived. In any event, it is undeniable that an objection to improper service can be deemed waived if the responding party fails to submit a timely objection thereto. See *In re Motorsports Merch. Antitrust Litigation*, 186 F.R.D. 344, 348-49 (W.D. Va. 1999) (rejecting argument that Rule 45

---

[5](...continued)
to produce documents, electronically stored information, or tangible things . . . need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial," *see* Rule 45(c)(2)(A); and the provision of Rule 45 that allows for "**Quashing or Modifying a Subpoena**" provides (with exceptions not pertinent here) that, "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer *to travel more than 100 miles* from where that person resides, is employed, or regularly transacts business in person," *see* Rule 45(c)(3)(A)(ii) (emphasis added).
    I underscore that, as previously noted, recent amendments to Rule 45 will eliminate the territorial requirements of § (b)(2) and allow for nationwide service, but those amendments will not go into effect until December 1, 2013.

subpoena should be quashed based on untimely claim of defective service and finding "argument that the court should quash the subpoena because it was never properly served must fail"); *see also Powell v. Time Warner Cable, Inc.*, 2010 WL 5464895 at *3 (S.D. Ohio 2010) (non-party that received subpoena failed to raise issue as to improper service despite raising other objections and produced documents in response thereto waived any claim of defective service); *Anwalt Energy Holdings, LLC v. Falor Companies, Inc.*, 2008 WL 2268316 at *1 n. 2 (S.D. Ohio 2008) ("Objections to irregular service of process and personal jurisdiction are waived, if not properly and timely asserted.") (collecting cases).

Here, Crane waived the objection it may have raised to service of the subpoena. Crane's registered agent accepted service, Crane's counsel lodged untimely and lengthy boilerplate objections to the subpoena that did not include any objection to service, and Crane's counsel provided responses indicating that it would produce responsive documents. The record indicates that Crane took measures to comply with the subpoena by identifying a large number of responsive documents. Yet, without producing a single document, Crane set and re-set its own "rolling" production schedule in violation of Rule 45 and the subpoena's instructions. Additionally, in both its own motion to quash and its response to Plaintiff's motion to compel, Crane did not articulate any objection as to *service* of the subpoena.

Now, for the first time, Crane suggests that the subpoena is invalid based on an objection to service that it failed to raise for three months while leading Plaintiff to believe that it would comply, and that it was indeed taking measures to comply. At today's hearing, Crane several times made the point that it is a competitor with Plaintiff. To be sure, it is entitled to some protection on that basis. Yet, although in one light that point works in Crane's favor, from Plaintiff's point of view it is reasonable to infer that Crane has treated compliance with the

subpoena as a game. Crane's eleventh-hour objections are improper and its conduct has jeopardized the discovery deadlines in this case.

Judge Ballou properly found that, given the circumstances in this case, Crane waived its objections to service of the subpoena. Crane has not provided a convincing argument that Judge Ballou's ruling is clearly erroneous and contrary to the law.

*B.*

Regarding the question of "undue burden," I observe in the first instance that Crane has not yet even attempted to make such a showing.[6] In its motion to quash, Crane indicated that it intended to file yet *another* motion to quash "on the basis that [Plaintiff's] requests are overbroad, unduly burdensome, and seek to impose obligations beyond those permitted by the Federal Rules." In response, Judge Ballou ruled that Crane had "waived any objections that it may have had to undue burden, relevance, or overbreadth" as a result of its "generalized, boilerplate objections," which "'are highly disfavored in the Fourth Circuit.'" *See* docket no. 55 (quoting *Paulino v. Dollar Gen. Corp.*, 3:12-CV-75, 2013 WL 1773892, at *12 (N.D. W. Va. Apr. 25, 2013) (collecting cases)).

General objections "are not useful to the court ruling on a discovery motion" and "failure to make specific legitimate objections to particular interrogatories or requests for production within the time allowed may result in a court deeming any objections waived." *Cappetta v. GC Servs.*

---

[6] However, I note that the record thus far would not support its argument, given its earlier conduct that appeared to cooperate with the subpoena, and given that the production of documents (which Crane's counsel stated consists mostly of electronic production) that Crane has already identified subjects Crane to very little additional burden at all, *see* Rule 45(c)(3)(A)(iv), much less "undue burden or expense," *see* Rule 45(c)(1), and does not require any person to appear in person at the place of production, *see* Rule 45(c)(2)(A). Crane nonetheless requests that, "in the event that the Court finds that it has jurisdiction over Crane to enforce the Subpoena, and [Plaintiff] challenges the sufficiency of Crane's document production, Crane should be permitted to assert arguments consistent with the protections for non-parties set forth in Rule 45."

*Ltd. P'ship*, 2008 WL 537934 at *3 (E.D. Va. 2008); *see also Barb v. Brown's Buick, Inc.*, 2010 WL 446638 at *1 (E.D. Va. 2010) (striking boilerplate "general objections" as well as "specific objections" that were just as vague and designed to obfuscate).

In asserting that Judge Ballou's ruling is clearly erroneous and contrary to the law, Crane summarily argues that its objections are not boilerplate. But the record discloses that Crane's objections are *quintessential* generalized and boilerplate objections. First, Crane offers a raft of "general objections" that are rather indiscriminate and oftentimes overlapping, based on, *inter alia*, privilege, undue burden, overbreadth, relevancy, vagueness, reasonable availability, proprietary information, and confidentiality. Next, Crane offers "specific objections" that are not specific in any sense of the word, given that they consist of a single paragraph repeated for each objection to Plaintiff's requests, and given that they simply restate Crane's "general objections." Crane's "specific objections" read as follows:

> In addition to its general objections, which are incorporated herein by reference, Crane objects to this request to the extent it seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Crane further objects to this request to the extent that it is overbroad and/or unduly burdensome. Crane also objects to this request to the extent that privileged or confidential information is sought, including (without limitation) information encompassed by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest privilege, the trade secret or proprietary information privilege, or any other judicially recognized privilege or protection. Crane further objects to this request to the extent that it seeks documents containing trade secrets or proprietary or other confidential business information. Crane also objects to this request to the extent that it seeks documents the production of which would violate the Mutual Confidentiality and Non-Disclosure Agreements between Crane and C&D Zodiac and/or any other confidentiality, non-disclosure, or joint defense agreement. Crane further objects to this request to the extent that it is directed to persons or entities other than Crane and/or seeks the production of documents or things which are not reasonably available to Crane or within its possession, custody, or control. Crane also objects to this request to the extent that it seeks the production of documents or things that are readily available through alternate sources including the parties to the litigation, same or similar requests were propounded to any third party in the underlying litigation or

other related civil cases or arbitrations, and/or a third party has agreed to produce or has already produced documents responsive to the requests.

Furthermore, Rule 45(c)(3)(A)(iv) provides that only "[o]n *timely motion*, the issuing court must quash or modify a subpoena that subject a person to undue burden." (Emphasis added.) Given Crane's prolonged gamesmanship, delay in making a production it had promised for months, and the fact that it did not properly object or move this court to quash or modify the subpoena during this dilatory period, Crane is simply not entitled to another opportunity to quash the subpoena based on its generalized objections. *See In re Motorsports Merch. Antitrust Litigation*, 186 F.R.D. at 350 (motion to quash was untimely where motion was filed 36 days after counsel became aware of subpoena and where responding party "assured plaintiffs' counsel from September 28, 1998, to November 24, 1998, that it intended to comply with the subpoena and simply needed more time to produce the documents requested."); *see also Retractable Technologies, Inc. v. International Healthcare Worker Safety Center*, Civil Action No. 3:11-mc-00028, 2011 WL 3555848 at *4 (W.D. Va. August 11, 2011) ("Although the term 'timely' is not defined, four and a half months after the return date of the subpoena is clearly not timely.").

Judge Ballou's findings concerning the nature and effect of Crane's boilerplate objections cannot be interpreted as clearly erroneous and contrary to the law.

**IV.**

For these reasons, and as ordered on the record at the conclusion of today's hearing, Crane's motion (docket no. 67) must be denied, and I adopt Judge Ballou's ruling (docket no. 61) on Plaintiff's motion to compel and Crane's motion to quash.

The Clerk of the Court is directed to transmit this memorandum opinion to the parties; to

the non-party, Crane & Company, Inc.; and to United States Magistrate Judge Robert S. Ballou.

**ENTERED** this 11th day of July, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE