IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HANWHA AZDEL, INC. f/k/a AZDEL, INC. ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 6:12-cv-00023 |
| ) | |
| **C&D ZODIAC, INC.** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Bifurcate (Dkt. No. 64), and Second Motion for Protective Order (Dkt. No. 74). Having considered the pleadings filed, the applicable law, and the argument of counsel presented at the hearing held on July 29, 2013, and for the reasons set forth herein, it is hereby **ORDERED** that the motions are **GRANTED**.

### Motion to Bifurcate

Plaintiff Hanwha Azdel, Inc. ("Hanwha") alleges five claims for breach of contract against Defendant C&D Zodiac, Inc. ("Zodiac"). Counts I, II, and III allege that Zodiac failed to pay for certain material or products purchased by or ordered from Hanwha. Counts IV and V arise from the purported breach of certain confidentiality agreements contained in a memorandum of understanding ("MOU") and nondisclosure agreement ("NDA") between the parties. The relief Hanwha seeks in Counts I, II, and III are the damages it incurred due to the alleged failure of Zodiac to perform under various purchase orders or an implied contract. As to Counts IV and V, however, Hanwha seeks damages

for lost profits,[1] restitution and/or disgorgement, and an accounting and/or constructive trust (Count IV), and an injunction against further use of Hanwha's confidential information (Count V).

Rule 42 of the Federal Rules of Civil Procedure governs as it relates to bifurcation of issues or claims at trial.

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). In short, "a court may order a separate trial of one or more separate issues or claims 'for convenience, to avoid prejudice, or to expedite and economize.'" Ziemkiewicz v. R+L Carriers, Inc., CIV.A. RDB-13-00438, 2013 WL 2299722, at *2 (D. Md. May 24, 2013) (quoting Fed. R. Civ. P. 42(b)). The facts at issue in the liability and damages phases of Counts IV & V are fully independent of each other. The question of whether Zodiac violated a confidentiality agreement with Hanwha does not have any overlap with the question of what, if any, unjustly gained profits Zodiac acquired with Hanwha's confidential information. While this is an important factor in favor of bifurcation, courts have found that the "mere lack of overlap in evidence by itself does not justify separate trials." F & G Scrolling Mouse, L.L.C. v. IBM Corp., 190 F.R.D. 385, 388 (M.D.N.C. 1999).

The factor which tips in favor of bifurcation is that Counts I, II, and III assert legal claims for a jury to resolve—breach of contract and the resulting monetary damages

---

[1] Hanwha conceded at argument on this motion that it did not seek to recover any of its lost profits for the breach of the confidentiality agreement.

Hanwha alleges it suffered. Counts IV and V, however, seek equitable relief which only the court can award.[2] Based on these factors, I find that bifurcation of liability and damages in Counts IV and V will promote judicial economy.

Hanwha, having agreed that it is not seeking to recover its lost profits in Counts IV and V, is only attempting to obtain equitable relief in these counts. The only remedy sought by Hanwha in Count V is injunctive relief, a quintessential form of equitable relief. As to Count IV, Hanwha asks for a constructive trust against the profits Zodiac earned using Hanwha's confidential information. "A constructive trust remains an equitable remedy 'even though it might ultimately reach a fund of money.'" United States ex rel. Rahman v. Oncology Assocs., 198 F.3d 489, 498 (4th Cir. 1999) (quoting Dan B. Dobbs, Law of Remedies § 2.6(3), at 157 (2d ed. 1993)). Likewise, disgorgement of profits, although also taking the form of monetary relief, is considered an equitable remedy. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 570, (1990) (citing Tull v. United States, 481 U.S. 412, 424 (1987)); see also Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Utah Div. of Travel Dev., 955 F. Supp. 598, 605 n.20 (E.D. Va. 1997) ("[A]n action for disgorgement of improper profits, while involving a monetary award, is 'traditionally considered an equitable remedy.'" (internal citations omitted)).

Hanwha also seeks restitution as to Count IV, and argues strenuously that the restitution sought is a legal claim to which it has a right to a jury trial under the Seventh Amendment. If the restitution sought is legal it would make little sense to bifurcate Counts

---

[2] The Court does not render any opinion whether Hanwha is entitled to a jury on the liability issues on the breach of confidentiality claims. That issue is not before the Court.

IV & V as the jury would have to determine the issue of damages. "[R]estitution is a legal remedy when ordered in a case at law and an equitable remedy when ordered in an equity case, and whether it is legal or equitable depends on the basis for the plaintiff's claim and the nature of the underlying remedies sought." Great-West. Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002) (citing Reich v. Cont'l Cas. Co., 33 F.3d 754, 755 (7th Cir. 1994)).

Hanwha relies heavily upon the Supreme Court decision in Great West Life & Annuity Ins. Co. v. Knudson to assert that the restitution sought here is legal in nature. In Great West, the court held that a claim by an ERISA insurance carrier seeking to assert its reimbursement rights against a personal injury claimant for medical bills paid under an ERISA health benefit plan was legal restitution. Id. at 212-14. The restitution sought by the insurer was legal, Justice Scalia explained, because it sought "to impose personal liability . . . for a contractual obligation to pay money—relief that was not typically available in equity." Id. at 210.[3] In contrast, equitable restitution ordinarily takes "the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id. at 213.

Here, Hanwha alleges that Zodiac breached the confidentiality provisions contained in the MOU and NDA, that it used this confidential information to its benefit and, in turn, earned a profit from its improper actions. Hanwha does not allege that it is *contractually* entitled to a share of these profits. The confidentiality provisions that give rise to Counts

---

[3] Even where restitution seeks to impose personal liability, restitution based upon an accounting for profits is properly viewed as a form of equitable restitution. Id. at 214 n.2.

4

IV & V make no mention of payment of any monies by Zodiac to Hanwha. Instead, Hanwha argues that Zodiac unjustly enriched itself by using information it pledged to keep confidential. In essence, Hanwha asserts that it is unconscionable for Zodiac to profit in such a manner. Cf. id. at 214 ("The basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to *some* funds for benefits that they conferred." (emphasis original)). Hanwha seeks to place a constructive trust on specific property held by Zodiac—the profits it earned from its improper acts. This is the very essence of equitable restitution—to disgorge specific profits earned by Zodiac and to prevent it from enjoying an unjust enrichment from the use of confidential information. Hanwha seeks Zodiac's unjustly gained profits and such an accounting for profits is a form of equitable restitution, and thus a remedy impose, if at all, by the court and no the jury.[4]

Because the jury in this case will not determine if Hanwha is entitled to the relief it seeks under Counts IV & V, bifurcation of liability and damages as to Counts IV & V would expedite the case by narrowing the scope of the evidence presented at trial. It would likewise prevent potential confusion for the jury, as the jurors would otherwise hear evidence immaterial to the issues of whether Zodiac breached its contractual agreement

---

[4] Even if the restitution sought by Hanwha was legal, when traditional legal remedies are incidental to or intertwined with injunctive relief they are properly characterized as "equitable" and thus determined by the court. Quesenberry v. Volvo Grp. N. Am., Inc., CIVA 1:09CV00022, 2010 WL 842323, at *2 (W.D. Va. Mar. 5, 2010) (citing Terry, 494 U.S. at 565, 571). Here, although plead as separate counts, Counts IV & V simply ask for different relief on the basis of the same claim—breach of confidentiality. Thus, the remedies sought in Count IV are incidental and interwoven with the injunctive relief sought in Count V.

and any damages suffered by Hanwha from such breach. Bifurcation would further promote judicial economy by allowing the district court to turn its undivided attention to the equitable relief sought by Hanwha if and only if Zodiac is found liable of breaching the confidentiality agreements.

The motion is therefore to bifurcate **GRANTED** and it is **ORDERED** that the issues of any relief to be awarded upon a finding of liability as to Counts IV & V shall be bifurcated from the trial of this action.

**Motion for Protective Order**

Zodiac also seeks an order pursuant to Fed. R. Civ. P. 26(c), staying any response to Hanwha's Third Set of Interrogatories and Third Requests for Production of Documents in which Hanwha seeks information regarding the profits Zodiac generated (or may generate) from CAB and/or Ecoform, the products which Hanwha alleges were developed by a third party using confidential information purportedly provided by Zodiac. "The court has the implicit authority to limit discovery as to any segregated issues so as to minimize and defer 'costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues.'" Shire LLC v. Mickle, 7:10-CV-00434, 2011 WL 2959461 (W.D. Va. July 15, 2011) (citing Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (4th Cir.1970)). Here, a finding that Zodiac breached the confidentiality provision of its contracts is a preliminary hurdle for the relevance of any evidence as to Zodiac's profits. To focus discovery, and to prevent potentially unnecessary expense by the parties, I find it is appropriate to **GRANT** the motion for a protective order,

to stay discovery as to the relief sought by Hanwha in Counts IV and V, and to quash the Third Set of Interrogatories and Third Requests for Production of Documents.

If Hanwha establishes liability under Counts IV and/or V, it may reassert such discovery as is relevant at that time for the issues which remain in the case.

It is so **ORDERED**.

Enter: August 2, 2013

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge