IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HANWHA AZDEL, INC., *Plaintiff*, v. C&D ZODIAC, INC., *Defendant*. | CIVIL ACTION NO. 6:12-CV-00023 **MEMORANDUM OPINION AND O R D E R** NORMAN K. MOON UNITED STATES DISTRICT JUDGE |

Plaintiff objects to an order issued in this case by United States Magistrate Judge Robert S. Ballou denying Plaintiff's motion to compel the production of thirty documents withheld on the basis of the common interest privilege by Crane & Co., Inc. ("Crane"), a non-party to this matter. Upon review of the record, and having heard Plaintiff's and Crane's arguments on the matter, I conclude that the objection must be overruled.

Plaintiff asserts that Crane is not entitled to withhold 26 documents and redact 4 documents involving e-mail between Crane and SABIC, which is yet another non-party to this litigation (but which is involved in arbitration with Plaintiff in Massachusetts). However, Plaintiff is mistaken in its assertion that, in order to claim the common interest privilege, Crane was required to provide details of a "joint legal strategy" with SABIC. The common interest privilege applies, among other situations, to "potential co-parties to prospective litigation," such as Crane and SABIC. *In re Grand Jury Subpoenas, 89-3 and 89-4*, 902 F.2d 244, 249 (4th Cir. 1990) (citation omitted); *see also Hunton & Williams v. U.S. Dept. of Justice*, 590 F.3d 272, 277 (4th Cir. 2010) ("The common interest doctrine permits parties whose legal interests coincide to share privileged materials with one another in order to more effectively prosecute or defend their

claims.") (citing *In re Grand Jury Subpoenas, 89-3 and 89-4*, 902 F.2d at 248-49).[1]

The record discloses that, in a letter dated August 9, 2013, counsel for Crane informed Crane's counsel that, "[i]n connection with the . . . subpoena . . . served on [Crane], [the] discussion with Judge Ballou during the scheduling conference held on Tuesday, July 23, and [counsel's] letter of July 26," counsel for Crane had "enclosed . . . a log of privileged and redacted documents." The letter stated that "[t]he privilege log lists documents that were withheld from the production or redacted on the basis of," among other privileges, "the common interest joint defense privilege." The letter adds that "these documents were not identified by Crane as responsive to the Subpoena." In an e-mail dated August 15, 2013, counsel for Crane informed counsel for Plaintiff of the facts supporting Crane's assertion of the common interest privilege. Crane provided additional support for its assertion of the common interest privilege in the form of an affidavit of its Vice President and General Counsel. And, through its privilege and redaction logs and e-mail correspondence between counsel, Crane disclosed information about the substance of those communications, excepting privileged information.

Thus the record is sufficient to establish that the disputed documents were communicated in furtherance of a common legal interest between Crane and SABIC. The information provided by Crane satisfies the requirements for an assertion of privilege pursuant to a common interest agreement. In March 2011, SABIC received a letter from Plaintiff. The letter outlined claims that Plaintiff might bring against SABIC. As described in the letter, Plaintiff's claims implicated

---

[1] The United States Court of Appeals for the Fourth Circuit added that, under the appellant's reading of the common interest doctrine, "the decision of a party . . . to partner with others in the conduct of litigation would somehow subject that party to the loss of its most basic discovery privileges – namely, the attorney-client and attorney work product privileges." *Hunton & Williams v. U.S. Dept. of Justice*, 590 F.3d 272, 277-78 (4th Cir. 2010).

Crane's legal interests, and it appeared that Crane potentially could be a witness or even a party to litigation or arbitration initiated by Plaintiff. Crane and SABIC concluded that they shared a common legal interest arising from Plaintiff's assertions, and entered into a common interest agreement, which was thereafter memorialized in writing.[2]

Strikingly, Plaintiff does not challenge the existence of a common legal *interest* between Crane and SABIC, and it acknowledges that "two parties may certainly be engaged in a joint legal strategy even though both are not currently party to a pending litigation." Plaintiff incorrectly maintains that, in order to assert the privilege, Crane is required to provide details of a joint legal strategy with SABIC. But nothing in the case Plaintiff relies upon, *In re Grand Jury Subpoena: Under Seal*, 415 F.3d 333 (4th Cir. 2005), raises the bar so high that a party must provide "details" of a "joint legal strategy" with yet another party in order to claim the privilege. *Under Seal* states that

> [t]he joint defense privilege, an extension of the attorney-client privilege, protects communications between parties who share a common interest in litigation. *United States v. Schwimmer*, 892 F.2d 237, 243-44 (2d Cir. 1989); *see also* [*United States v.*] *Aramony*, 88 F.3d 1369,] 1392 [(4th Cir. 1996)]. The purpose of the privilege is to allow persons with a common interest to "communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims." *In re Grand Jury Subpoenas 89-3 and 89-4, John Doe 89-129*, 902 F.2d 244, 249 (4th Cir. 1990). For the privilege to apply, the proponent must establish that the parties had "some common interest about a legal matter." *Sheet Metal Workers Int'l Assoc. v. Sweeney*, 29 F.3d 120, 124 (4th Cir. 1994).

415 F.3d at 341.

In *Under Seal*, the district court had to determine whether an employee's cooperation in an

---

[2] It appears that the documents in question likely are privileged also as communications between attorneys for Crane and SABIC and their respective client representatives. I further note that I am not aware that SABIC is involved in the instant litigation even as a third party, and nothing in the record indicates that SABIC has waived any privilege claims.

internal investigation established a joint defense privilege. *Id*. at 335-36. A common interest agreement between the employee and the employer was not formed until months after the creation of memoranda describing interviews conducted in the course of the internal investigation. *Id*. at 336. "[T]he district court found that no common interest agreement existed *at the time of the interviews . . . .*" *Id*. at 341 (emphasis added); *see also id.* at 337. The United States Court of Appeals for the Fourth Circuit affirmed, stating that "[t]his finding was not clearly erroneous," and adding that

> [a]n employee's cooperation in an internal investigation alone is not sufficient to establish a common interest; rather "some form of joint strategy is necessary." *United States v. Weissman*, 195 F.3d 96, 100 (2d Cir.1999); *see also Aramony*, 88 F.3d at 1392 ("To be entitled to the protection of this privilege the parties must first share a common interest about a legal matter.").

*Id*.

The contrast between the facts in *Under Seal* and the instant case could not be sharper. The information provided by Crane indicates that its common interest with SABIC arose from Plaintiff's claims and Crane and SABIC's shared legal interests implicated by those claims. Crane has established that it and SABIC "had 'some common interest about a legal matter.'" *Id*. (quoting *Sheet Metal Workers*, 29 F.3d at 124). This common interest was documented before the creation of the documents sought by Plaintiff. And Crane's position is consistent with the Fourth Circuit's rationale for the common interest privilege:

> Whether an action is ongoing or contemplated, whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims.

*In re Grand Jury Subpoenas, 89-3 and 89-4*, 902 F.2d at 249.

I conclude that Judge Ballou's denial of the motion to compel the documents on the basis of the common interest privilege cannot be interpreted as clearly erroneous and contrary to the law. Accordingly, Plaintiff's objection (docket no. 136) is denied, and I adopt Judge Ballou's ruling (docket no. 131) on Plaintiff's motion to compel.

The Clerk of the Court is directed to transmit this memorandum opinion and order to all counsel of record for the parties; to counsel of record for the non-party, Crane & Company, Inc.; and to United States Magistrate Judge Robert S. Ballou.

**ENTERED** this ___1st___ day of November, 2013.

_/s/ Norman K. Moon_
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE