IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HANWHA AZDEL, INC., *Plaintiff*, v. C&D ZODIAC, INC, *Defendant*. | CIVIL ACTION NO. 6:12-CV-00023  **MEMORANDUM OPINION**  NORMAN K. MOON UNITED STATES DISTRICT JUDGE |

After I granted Defendant's motion for summary judgment, Defendant filed a motion seeking the taxing of costs. Plaintiff opposed the amount sought in taxed costs and further requested that I stay any ruling on costs pending the outcome of Plaintiff's appeal to the United States Court of Appeals for the Fourth Circuit. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred these matters to United States Magistrate Judge Robert S. Ballou for a Report and Recommendation (the "Report"). Judge Ballou filed his Report, recommending the following: that Plaintiff's motion to stay costs be granted, in part, and denied, in part; that Defendant's bill of costs be granted in the amount of $36,013.30; and that, upon Plaintiff's posting of an appropriate superseadeas bond, payment of the costs be stayed pending final resolution of all appeals.

Plaintiff timely filed objections pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1). I review a magistrate judge's findings of fact for clear error and its legal conclusions *de novo*. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir. 2005). For the reasons stated herein, I will overrule Plaintiff's objections, and I will adopt the Report *in toto*.

# I.

I previously set forth the facts of this case in my memorandum opinion of June 2, 2014, granting Defendant's motion for summary judgment, and I will only briefly recount them here.

Plaintiff developed a thermoplastic composite sheet product, "Areo-lite$^{TM}$" ("Aero-lite"), with an intended end-use application as an interior liner for airplane cabins. Given Defendant's expertise in the end-use application, Plaintiff began working with Defendant to further develop Aero-lite for that purpose. In March 2008, Plaintiff and Defendant negotiated and executed a Memorandum of Understanding ("MOU"), which established the terms and conditions upon which Defendant would purchase Aero-lite from Plaintiff. The MOU included the parties' agreement to collaborate on the design and development of Aero-lite.

In May 2012, Plaintiff sued Defendant in a breach of contract action, asserting that Defendant had not paid for the Aero-lite sheets pursuant to their MOU. Plaintiff later added counts alleging that Defendant had breached confidentiality provisions of the MOU. In defense of its nonpayment, Defendant produced a record showing that the Aero-lite sheets Plaintiff produced were nonconforming, defective, and unusable, or were rejected by Defendant's customer. As a matter of contract interpretation, I found that Defendant had not breached any obligation of confidentiality to Plaintiff. Accordingly, I granted Defendant's motion for summary judgment, denied Plaintiff's motion for partial summary judgment, dismissed the complaint, and denied any remaining motions as moot.

Plaintiff filed a notice of appeal to the Fourth Circuit, and Defendant filed a bill of costs, requesting that, under 28 U.S.C. § 1920, the Clerk of the Court tax costs in the amount of $39,851.42. Plaintiff opposed the bill of costs as excessive, seeking to stay the taxing of costs pending appeal or to stay enforcement of the costs after disallowing some of Defendant's submitted

costs. And, as I have already observed, I referred the matter to Judge Ballou, who issued his Report, to which Plaintiff has objected. Defendant has responded to the objections, and Plaintiff has filed a reply.

## II.

Plaintiff's first objection is that the magistrate judge erred in finding "that it is in the interest of judicial economy to resolve the motions regarding taxation of costs immediately, so that any appeal as to the award of costs may be consolidated with the appeal on the merits." (Citations omitted.) As Plaintiff points out, given that the parties' time for objecting, responding, and replying to the Report just expired, and oral argument on Plaintiff's appeal to the Fourth Circuit was scheduled for March 26, 2015, consolidation of the appeals is not feasible.

Nonetheless, I agree with the magistrate judge's determination that "[r]esolution of taxation of costs at this stage will not present a hardship on the parties, as both parties have already spent significant resources and filed multiple briefs defending their position[s] on the issue."[1] Rule 54(d) "gives rise to a presumption in favor of an award of costs to the prevailing party." *Teague v. Baker*, 35 F.3d 978, 996 (4th Cir. 1994) (citations omitted)). "A district court has jurisdiction to review the clerk's taxation of costs even while an appeal on the merits is pending," and while "[t]he decision to proceed with taxation of costs or to defer such taxation pending appeal is at the discretion of the district court," the "presumption in favor of the taxation of costs" means that "a district court deciding not to award costs at the customary stage must provide a valid reason." *See, e.g., Singleton v. Department of Correctional Education, et al*, Civil Action No. 1:03-cv-00004, 2003 WL

---

[1] Indeed, this case has been thoroughly litigated, and Plaintiff has objected to most of the magistrate judge's rulings and findings.

-3-

22299039 (W.D. Va. October 3, 2003) (citations omitted).[2]

In this case, Plaintiff has not raised (and I do not discern) a valid reason for not awarding costs at this stage. The matter has been fully briefed, and staying payment pending resolution of the appeal will prevent Plaintiff from a potentially unnecessary outlay.

**III.**

Plaintiff objects to the magistrate judge's recommendation that Plaintiff post a supersedeas bond. Citing two cases from other judges in this district, Plaintiff states that it "should not have to post bond pending a resolution of the underlying appeal" because "[i]ssuing a stay without requiring a bond has been this Court's recent practice." However, although a district court has the discretion to permit a stay without a bond or with an alternative form of security, that discretion is exercised only in extraordinary circumstances. *See, e. g., Alexander v. Chesapeake, Potomac, Tidewater Books*, 190 F.R.D. 190, 193 (E.D. Va. 1999) ("a full bond may not be necessary in either of two polar circumstances: (i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when 'the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden'" (quoting *Poplar Grove, etc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979))). Rule 62(d) provides that an appellant may obtain a stay as a matter of right by filing a supersedeas bond, but in the absence of a bond, a stay "is not a matter of right,

---

[2] *See also Coyne-Delany v. Capital Dev. Bd. of State of Ill.*, 717 F.2d 385, 392 (7th Cir. 1983) (quoting Friendly, *Indiscretion About Discretion*, 31 Emory L. J. 747, 768 (1982)) ("When rules prescribe a course of action as the norm but allow the court to deviate from it, the court's discretion is more limited than it would be if the rules were nondirective. Rule[] 54(d) . . . establish[es] . . . 'a principle of preference' guiding the exercise of the district judge's discretion. . . . The judge must have a good reason for departing from such a principle in a particular case.").

-4-

even if irreparable injury might otherwise result." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926); *see also Nken v. Holder*, 556 U.S. ___, ___, 129 S. Ct. 1749, 1757 (2009).

Plaintiff asserts that "the Magistrate Judge provides no rationale why Azdel should be treated differently than other parties have been treated in recent cases where no additional bond was required to stay the payment of costs." However, as the magistrate judge reported, Plaintiff "has not shown that a stay without bond is needed due to extraordinary circumstances." Accordingly, Plaintiff must post the bond in order to secure a stay of cost pending the appeal.

### III.

Plaintiff objects to the magistrate judge's recommendation that it should be taxed for Defendant's sought costs for converting electronic stored information ("ESI") into a readable format. The first specific objection Plaintiff raises is that the magistrate judge's "analysis overlooks the fact that the only reason the Court ordered C&D to incur the ESI expenses was due to C&D's own failure to comply with the Federal Rules of Civil Procedure"; the second specific objection Plaintiff raises is that the magistrate judge "found, with no supporting rationale, that D&D's costs were compensable 'conversion.'" Otherwise, Plaintiff's objections regarding the ESI costs simply reiterate the arguments it raised before the magistrate judge. Such general objections fail the "specificity" requirement enumerated in Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1)(C) and have the "same effect[] as would a failure to object." *Veney v. Astrue*, 539 F. Supp.2d. 841, 845 (W.D. Va. 2008) (citation omitted); *see also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Moon v. BWX Technologies*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010); *Howard Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997).

To the extent Plaintiff raised specific objections regarding the ESI costs, the magistrate judge's Report specifically addressed these issues as follows:

> C&D argues that its data conversion costs are recoverable under [*Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249 (4th Cir. 2013)] as well as other persuasive case law. Although Azdel in principle agrees that data conversion costs are recoverable, it asserts that C&D actually processed electronic data rather than converted it. Azdel points to C&D's invoice from Superior Document Services as evidence of processing, which describes the act as "ESI Processing and Loading into Relativity for Native Review" and refers to compressing data and flattening NSF files. Because C&D has not offered any "affidavits or other evidence about what was done to its unusable NSF files to put them into a reasonably usable format as ordered by the Court," Azdel concludes that the Court should not allow C&D to recover these costs.
>
> Azdel ignores the fact that C&D incurred the data conversion charge because of their request that C&D pay the cost of converting the data as part of its motion to compel. Azdel selected the vendor it wanted to convert the data, directed what format to which it wanted the data converted, and otherwise controlled the process. *Azdel insisted this conversion was necessary for C&D to comply with its obligations under Rule 34. I granted the motion to compel and directed that C&D pay the cost of the data conversion*. My order did not change the standard financial burden each party takes on during the course of litigation. Although I ordered C&D to pay the costs of *converting* Azdel's ESI discovery production into a "readily usable format," I did not order C&D to pay for data processing and any other processes that Superior Document Services performed. Azdel represented that its quote for data *conversion* amounted to $8,463.00; thus I ordered payment up to $8,463.00 for *conversion to a readily usable format*. *Neither party disagrees that any part of Superior Document Services' performance that solely converted the data into a usable format is recoverable under § 1920(4)*. Any processes that Azdel sought on top of the copying processes covered under § 1920(4) should be borne by Azdel under the Fourth Circuit's standard taxation of costs. Moreover, the court order for payment of services aligns to [*CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed. Cir. 2013)], which found that costs are recoverable when ordered by the court and were not incurred for the convenience of the producing party. As C&D only *paid for data conversion due to court order and did not personally benefit from the data conversion services, it would be unfair to impose such a large processing fee on the party that succeeded on summary judgment*. Therefore, I find that the court-ordered cost which was incurred at the behest of Azdel, and which was completed under the direction of Azdel, is recoverable under § 1920(4).

(Docket citations omitted; emphasis added.)

Regarding the first objection, the magistrate judge had determined during discovery that the

discovery rules required Defendant to pay the costs of converting the documents to a searchable format, but he did not find any lack of due diligence, bad faith, or other similar misconduct that would preclude Defendant from recovering the ESI conversion costs. Applying *CBT Flint*, 737 F.3d at 1328 ("we conclude that recoverable costs under section 1920(4) are those costs necessary to duplicate an electronic document in as faithful and complete a manner as required by rule, by court order, by agreement of the parties, or otherwise. To the extent that a party is obligated to produce . . . electronic documents in a particular format . . . the costs to make duplicates in such a format . . . are recoverable as 'the costs of making copies . . . necessarily obtained for use in the case'" (quoting 28 U.S.C. § 1920(4))), and *Country Vintner*, 718 F.3d at 261 ("we agree with the district court's finding that . . . the conversion of native files to TIFF and PDF formats . . . constituted 'making copies' under § 1920(4)"), the magistrate judge correctly reasoned that, because Defendant's costs were ordered by the court, were not incurred for the convenience of the producing party, and Defendant did not benefit from the data conversion services, the costs are recoverable under § 1920.

Regarding Plaintiff's objection that the magistrate judge "found, with no supporting rationale, that C&D's costs were compensable 'conversion,'" Plaintiff adds that the "invoice for the ESI charges at issue states that the data at issue was 'processed,' not converted." However, the magistrate judge's order of December 27, 2012, addressed a number of discovery disputes, but regarding the ESI conversion dispute, the order specifically stated that Plaintiff had "acknowledged that it has available, at a cost, software to *convert* the documents into a format it can use," but that Plaintiff had "taken no steps to *convert* Defendant's documents despite the relatively modest quoted cost of $8,463.00." (Emphasis added.) The magistrate judge ordered "that Defendant shall pay the reasonable costs of Plaintiff not to exceed $8,463.00 to *convert* Defendant's ESI discovery

-7-

production into a readily usable format." (Emphasis added.) That the term "processing" is used on the invoice that Plaintiff passed on to Defendant for payment does not dislodge the magistrate judge's finding that Plaintiff sought "conversion" of the ESI into a format Plaintiff could use, and Defendant paid for such "conversion," which is recoverable under § 1920(4). *See CBT Flint*, 737 F.3d at 1328; *Country Vintner*, 718 F.3d at 261.

## IV.

Plaintiff generally objects to the recommendation that Defendant recover the costs of video recordings of four depositions, repeating the arguments it raised before the magistrate judge. As I have already observed, such general objections fail the "specificity" requirement enumerated in Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1)(C) and have the "same effect[] as would a failure to object." *Veney*, 539 F. Supp.2d. at 845 (citation omitted); *see also Midgette*, 478 F.3d at 622; *Orpiano*, 687 F.2d at 47; *Moon*, 742 F. Supp. 2d at 829; *Howard Yellow Cabs, Inc.*, 987 F. Supp. at 474.

The only objection Plaintiff raises that refers specifically to the Report is Plaintiff's conclusion that,

> [d]espite the clear requirement that a party show more than mere unavailability and instead demonstrate the need for a videotape *in lieu of* a transcript, the Magistrate Judge recommended awarding C&D its costs merely because "the witnesses were known to not be available for trial and Azdel had not provided any information to suggest otherwise."

Videography fees for depositions are available only if "'necessarily obtained for use in the case.'" *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) (quoting 28 U.S.C. § 1920(2)). This "concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." *Id*.

-8-

(citation omitted). Courts consider videotaped depositions as necessary for use at trial when the witnesses are beyond the court's subpoena power and there is no assurance that the witnesses will attend the trial. *See, e.g., Mann v. Heckler & Koch Defense, Inc.*, 2011 WL 1599580, at *6 (E.D. Va. 2011). In *Cherry*, recovery of the costs of videography was disallowed, but that was because the defendant sought "to recover the costs of *both* transcribing and videotaping [the plaintiff's] deposition." 186 F.3d at 449. The Court of Appeals reasoned that, although the defendant had asserted "that videotaping [the plaintiff's] deposition was necessary to enhance its chances of effectively impeaching [the plaintiff] at trial," the defendant had "not made the showing why either a transcript or a videotape would not have been sufficient for the need it identified," *i.e.*, for impeaching the plaintiff.

In this case, however, the magistrate judge reasoned that,

> [i]n this case, C&D argues that they are entitled to videographer fees because all of the witnesses with videotaped depositions were outside the subpoena power of the court, and it was known that the witnesses would be unavailable for trial. C&D also indicates that Azdel chose to videotape all of its depositions; in comparison, C&D ordered the videotapes of the depositions of necessary, unavailable witnesses only when it was necessary to prepare for trial. Moreover, C&D only ordered the depositions of third party witnesses whom both parties intended to have testify at trial. The Court notes that the videotaped depositions were ordered on May 7, 2014 based on C&D's submitted invoices, which was less than six weeks prior to the scheduled trial date of June 17, 2014.
>
> I find that C&D has met its burden to prove that the videotapes of the depositions were necessary for use in this case. C&D's professed reasons for obtaining a video recording of four depositions taken in the case suggest that they were limited to necessity, and not convenience or duplication to assure alternative methods for presenting materials at trial. C&D explained that the witnesses were known to not be available for trial and Azdel had not provided any information to suggest otherwise. C&D thus has demonstrated a need for the taped depositions in the event of trial. The only issue is whether C&D ordered them close enough to trial to suggest a sufficient need at the time of ordering. Although Cherry does not provide a per se rule that videotaped depositions should be allowed when trial approaches, C&D has shown that counsel waited until less than six weeks before trial to order the depositions. Considering that a four-day trial would require considerable preparation, it was

-9-

reasonable for C&D to order the videotaped depositions prior to trial.

(Docket citations omitted.)

I find that the magistrate judge's reasoning prevails over Plaintiff's objection. Because the videographed depositions were "'necessarily obtained for use in the case,'" Defendant can recover the costs. *Cherry*, 186 F.3d at 449 (quoting 28 U.S.C. § 1920(2)).

## V.

Plaintiff's remaining objections, disputing the substantiation of Defendant's recoverable copying costs and Bates labeling, simply repeats the arguments it raised before the magistrate judge, and therefore, as I have already explained, must fail. *See Veney*, 539 F. Supp.2d. at 845 (citation omitted); *see also Midgette*, 478 F.3d at 622; *Orpiano*, 687 F.2d at 47; *Moon*, 742 F. Supp. 2d at 829; *Howard Yellow Cabs, Inc.*, 987 F. Supp. at 474.

I add that the record and the magistrate judge's Report reflect that Defendant's copying costs were thoroughly documented, and the magistrate judge appropriately recommended an award of copying costs after disallowing certain items. As for Plaintiff's objection to the recovery of Bates labeling costs, Plaintiff states that, "[t]hough the Magistrate Judge cited to supporting case law within this Circuit, the district courts are not in agreement." Nonetheless, I am persuaded by the magistrate judge's approach,[3] and particularly by his reasoning that Plaintiff "requested Bates

---

[3] The magistrate judge observed that

> Courts within the Fourth Circuit have taxed electronic Bates labeling. The Eastern District of Virginia has held that "although the costs of collecting, storing, and extracting electronically stored information may not be taxable, the costs of converting that information into the agreed-upon format and electronically Bates stamping it are analogous to copying costs, and therefore are taxable." *Nobel Biocare USA, LLC v. Technique D'usinage Sinlab, Inc.*, No. 1:12CV730 LMB/TCB, 2013 WL 819911, at *6-7 (E.D. Va. Mar. 4, 2013), *appeal*
> (continued...)

stamping, which tilts the balance for taxing in favor of the party who fulfilled the request." (Citing *Alzheimer's Inst. of Am. Inc v. Elan Corp. PLC*, No. C-10-00482-EDL, 2013 WL 8744216, at *5 (N.D. Cal. Jan. 31, 2013) ("[S]canning and converting the database documents into .TIFF format, Bates stamping, OCR, and loadfile generation are taxable costs where the other party requests documents in that format.")).

Accordingly, Plaintiff's objections regarding the award of copying and Bates labeling costs are overruled.

### VI.

For the stated reasons, I will overrule Plaintiff's objections, and I will adopt the Report *in toto*. An appropriate order accompanies this memorandum opinion.

Entered this   27th   day of March, 2015.

                                                             NORMAN K. MOON
                                                             UNITED STATES DISTRICT JUDGE

---

[3](...continued)
    *dismissed* (Aug. 8, 2013); *cf. D& B Countryside, LLC v. Newell*, 217 B.R. 72, 80 (Bankr. E.D. Va. 1998) (denying costs for photocopying and Bates stamping documents produced in discovery). The District of Maryland taxes Bates stamping fees as well. *Mezu v. Morgan State Univ.*, 775 F. Supp. 2d 801, 807 (D. Md. 2011). I find these districts' approaches persuasive.

-11-